IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Simian Y. Simmons,**<br>**Plaintiff,** | )<br>)<br>) |
| v. | )   1:22cv91 (RDA/IDD) |
| | ) |
| **Deputy Boyle B.A. #336,** *et al.,*<br>**Defendants.** | )<br>)<br>) |

MEMORANDUM OPINION & ORDER

Simian Y. Simmons ("Simmons" or "Plaintiff"), a Virginia inmate proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983, alleging two Stafford County Virginia Sheriff's Department Officers, Deputy Boyle and Sargent Daniel Purcell, violated his Fourth Amendment right against unreasonable search and seizure during a traffic stop on January 9, 2020, as well as his Eighth Amendment right not to be subject to cruel and unusual punishment. [Dkt. No. 1 at 4-6]. The Defendants have filed a motion to dismiss, with a supporting brief and an attachment. [Dkt. Nos. 9-10].[1] Simmons has been afforded the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has done so. [Dkt. No. 12]. Accordingly, the motion to dismiss is now ripe for disposition. For the reasons that follow, the Defendants' Motion to Dismiss shall be granted.[2]

I. Material Allegations in the Complaint

"[W]hen ruling on a defendant's motion to dismiss, a [trial] judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

---

[1] The motion to dismiss does not address the Eighth Amendment claim. [Dkt. No. 18 at 1, 6].

[2] Simmons' motion for an extension of time to file a response to the motion to dismiss [Dkt. No. 20], and his motion for appointment of counsel [Dkt. No. 21] are also pending.

(citations omitted). So viewed, and as pertinent to this motion, the essential allegations of the complaint[3] are as follows:

1. On January 9, 2020, Defendants Boyle and Purcell made a traffic stop at 39 Settlers Way in Stafford County, Virginia. [Dkt. No. 1 at 4]. Plaintiff was the driver and he was removed from the vehicle and taken to the rear of the same vehicle. [*Id.*].

2. Defendant Purcell stayed with Plaintiff at the rear of the stopped vehicle and Defendant Boyle positioned his vehicle to allow the camera in his vehicle to "tape" the search of Plaintiff's person, which occurred "in the middle of the street, while" the residents of that "neighborhood watched along with passing vehicles." [*Id.*].

3. Boyle began the search by "lift[ing]" Plaintiff off the ground by his sweatpants, which resulted in pulling Plaintiff's "undergarments into a wedgie." [*Id.*]. Boyle then kicked each of Plaintiff's feet to spread his legs and then bent him down across the rear of the vehicle. [*Id.*].

4. Boyle pulled the elastic portion of Plaintiff's sweatpants "backwards and down." Boyle then went inside of the pants and "grabbed [Plaintiff's] skin." [*Id.*]. Boyle also went "between [Plaintiff's] buttocks" and retrieved a rubber glove. [*Id.* at 5].

5. Boyle groped Plaintiff between his legs during the search and "exposed" Plaintiff's "private parts" to the public. [Dkt. No. 1 at 5].

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint; it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true,

---

[3] The undisputed facts are drawn from the complaint. [Dkt. No. 1].

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if "the factual content of a complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Nemer Chevrolet, Ltd. v. Consumeraffairs.com Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). A plaintiff must therefore allege facts in support of each element of each claim he or she raises; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Iqbal*, 566 U.S. at 678.

### III. Analysis

The Defendants argue that the complaint should be dismissed against both Defendants because Simmons has failed to state a claim, and for the additional reason against Defendant Purcell because he was not directly involved in the search. [Dkt. No. 18 at 5-7]. The Defendants' motion to dismiss, however, relies on a version of the facts that do not set forth the facts in the light most favorable to the Plaintiff. The Defendants justify their version of the facts by noting that Plaintiff attached copies of the police reports to his complaint, and then the Defendants use select portions of those reports to construct their argument. [Dkt. No. 18 at 4] (citing *Willis v. City of Virginia Beach*, 90 F. Supp. 3d 597, 605 (E.D. Va. 2015) (the court may consider the facts alleged on the face of the Complaint, as well as 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'...[t]he court may also look to documents incorporated by reference in the Complaint without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment."). Defendants have also attached a declaration by Defendant Boyle, which sets out additional facts to those alleged by Plaintiff. [Dkt. No. 18-1].

3

For example, contrary to the complaint, Boyle avers that he "did not see anyone else" and the passing traffic "could not see us." [Dkt. No. 18-1 at 3]. Boyle also denies that he lifted Simmons off the ground, groped him, or grabbed his skin. [*Id.* at 2]. Boyle also admits that when he pulled Plaintiff's waistband that Plaintiff's pants fell "down a few inches from his waistline." [*Id.* at 3]. His admission does not establish that Plaintiff's "private parts" were not exposed during the search as alleged. [Dkt. No. 1 at 5]. Further, although Plaintiff does not quote from Sgt. Purcell's report, which was attached to the complaint, that report states that "narcotics were located" and "*removed from [Plaintiff's] butt.*" [Dkt. No. 1-1 at 5] (emphasis added). Further, although the Defendants expressly rely on this report, they omit any reference to the drugs being removed from Plaintiff's butt in their memorandum in support of their motion to dismiss or in the supporting declaration. Instead, the Defendants state that the drugs were "between [Plaintiff's] buttocks" and that the drugs were not in Plaintiff's "anal cavity." [Dkt. Nos. 18 at 3; 18-1 at 3].

Aside from not stating the facts in the light most favorable to Simmons, the Defendants' argument assumes that Simmons complaint relied on the police reports. In reviewing a district courts grant of a motion to dismiss, the Fourth Circuit held it would not consider a report attached to the complaint because the plaintiff had not "explicitly relied upon [the report] in the complaint." *Braun v. Maynard*, 652 F.3d 557, 559 n.1 (4th Cir. 2011). Here, the complaint does not reference either report and the Defendants do not, and could not argue, that Simmons "explicitly relied upon" either of the reports.

> [A] court may consider documents sufficiently referred to in the complaint or central to the plaintiff's claim when the authenticity is not disputed. [*Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001)]; *see also Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if such materials are "integral to and explicitly relied on in the complaint"). Mere quotation or reference to documents is not enough to incorporate those documents into the complaint. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). Instead, *for the document to*

4

> be considered, the plaintiff's claims must turn on, or otherwise be based on, the contents of the document. Id. Short of that, a document is not integral to the complaint and should not be considered. Id.

*Brentzel v. Fairfax Transfer & Storage, Inc.*, 2021 U.S. App. LEXIS 38522, *5 (4th Cir. 2021) (emphasis added).

The Defendants also rely on the police reports in support of their argument that the Plaintiff has not established subject matter jurisdiction. [Dkt. No. 18 at 5] (citing *Hussein v. Miller*, 232 F. Supp. 2d 653, 656 (E.D. Va. 2002)). The Defendants, however, ignore *Hussein*'s admonition that "[a] court should only grant a 12(b)(1) motion to dismiss 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Id.* (quoting *Nelson v. United States Postal Serv.*, 189 F. Supp. 2d 450, 454 (W.D. Va. 2002) (quoting *Richmond, Fredericksburg & Potomac R. Co.*, 945 F.2d 765, 768 (4th Cir. 1991)). The facts here are clearly in dispute, and the motion to dismiss will be denied.

With regard to Defendant Purcell's argument that he is not alleged to have personally participated in the search of Simmons' person, his argument, at this stage, has no merit. The Fourth Circuit recognizes a cause of action for bystander liability "'premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them.'" *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416-17 (4th Cir. 2014) (quoting *Randall v. Prince George's Cnty.*, 302 F.3d 188, 203 (4th Cir. 2002)). Purcell's motion to dismiss will be denied.

The Defendants' qualified immunity argument will be denied without prejudice. "'[A] defendant can raise the qualified-immunity defense at both the motion to dismiss and summary judgment stage.' *Tobey v. Jones*, 706 F.3d 379, 393-94 (4th Cir. 2013) (citing *Behrens v. Pelletier*, 516 U.S. 299 (1996)). So long as qualified immunity does not turn on disputed facts, 'whether the officer's actions were reasonable is a question of pure law.' *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc)." *Raub v. Bowen*, 960 F. Supp. 2d 602, 608 (E.D. Va. 2013). As the

5

Fourth Circuit has frequently noted, qualified immunity is peculiarly well-suited for resolution at the summary judgment stage with the benefit of a more fulsome record. *See Willingham v. Crooke*, 412 F.3d 553, 558-59 (4th Cir. 2005). This is such a case and the motion to dismiss will be denied without prejudice.

****

Plaintiff's pending motions will be dismissed. First, his motion for an extension of time to file a response to the motion to dismiss is moot because he filed a response, which is deemed timely filed. Second, as "[a] *pro se* prisoner [he] does not have a general right to counsel in a § 1983 action." *Evans v. Kuplinski*, 713 F. App'x 167, 170 (4th Cir. 2017) (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989)). Further, while this Court has the discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1), to qualify for such appointment an indigent claimant must present "exceptional circumstances." *See id.* Exceptional circumstances exist where a "*pro se* litigant has a colorable claim but lacks the capacity to present it." *See Whisenant*, 739 F.2d at 163. Here, the record establishes that Plaintiff is more than capable of handling this matter, at least at this stage of the proceedings, and his motion will be denied without prejudice.

### IV. Conclusion and Order

Accordingly, for the reasons stated above, Defendants' motion to dismiss [Dkt. No. 17] is DENIED; and it is further

ORDERED that Plaintiff's motion for an extension of time [Dkt. No. 20] is DENIED as MOOT; and it is further

ORDERED that Plaintiff's motion for appointment of counsel [Dkt. No. 21] is DENIED WITHOUT PREJUDICE, and it is further

ORDERED that Defendants Boyle and Purcell must file, or explicitly decline to file, a motion for summary judgment or other appropriate dispositive motion within thirty (30) days of the entry date of this Order.

The Clerk is directed to send a copy of this Memorandum and Order to Plaintiff, and to all counsel of record.

Entered this __8__ day of __February__ 2023.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge